PATTEN VS. THE CHICAGO & NORTHWESTERN RAILWAY COMPANY.

(1) *Railroads : Negligence : Res Adjudicatœ.* (2, 3) *Excessive Damages :
Power of Supreme Court over verdict.*

1. The following points decided on the former appeal in this action (32
Wis., 524), are regarded as *res adjudicatœ* on the present appeal, the
evidence as to those points being substantially the same at the second
trial as at the previous one:

(1) That defendant's failure to light its depot building at the Syene
station (situated off from the public highway), or to have an agent
there to aid passengers leaving the train at night, were acts from
which negligence might be inferred.

(2) That it was properly submitted *to the jury* to determine, from all
the facts and circumstances, whether the defendant was guilty of neg-
ligence in those respects, and whether, if so, its negligence was the
direct and proximate cause of the accident to plaintiff, so as to render
it liable.

2. It is not only within the power of this court, but is its duty, to set aside
verdicts in cases where it is satisfied that the damages awarded are
excessive.

3. On the former appeal, this court held a verdict for $2,538 to be excessive,
and intimated that, unless the proof as to the injury suffered by
plaintiff should be different on another trial, it would regard as ex-
cessive a verdict for over $1,200. There being some additional evi-
dence as to plaintiff's injuries, on the second trial, this court now re-
fuses to set aside a verdict for $1,500.

APPEAL from the Circuit Court for *Dane* County.

Action for injuries to plaintiff's person, alleged to have been
caused by defendant's negligence. The decision of a former
appeal in this cause is reported in 32 Wis., 524, where the
facts constituting the alleged negligence are sufficiently stated,
the proofs on that subject being substantially the same on both
trials. In addition to the evidence on the former trial, upon
the subject of plaintiff's injuries, plaintiff herself testified on the
second trial, that she suffered great pain, which did not cease for
months, and which had not entirely ceased at the time of such

trial; that the fracture (?) of her arm had not healed, and she could not sew or knit;* that her spine was injured, and was still painful ; that her knee and hip were bruised and injured by the fall.

Verdict for the plaintiff, for $1,500; and judgment was rendered in her favor for that amount, and for costs, which, against defendant's objection, the court allowed to be taxed at $80.11. Defendant appealed from the judgment.

*Smith & Lamb*, for appellant:

1. The proof was substantially the same as on the former trial, and the court should vindicate and enforce its judgment that more than $1,200 would be excessive. 2. The action is on the contract of carriage, and the costs should be only $25, instead of $80.11. Tay. Stats., 1533, last clause of § 59.

*Wm. F. Vilas*, for respondent :

1. The questions concerning the right of the plaintiff to recover cannot be reargued, but are *res adjudicatæ* by virtue of the decision on the former appeal. *Miner v. Medbury*, 7 Wis., 100 ; *Ranney v. Higby*, 6 id., 28 ; *Wright v. Sperry*, 25 id., 617 ; *Hungerford v. Cushing*, 8 id., 133 (new ed.), and cases cited in the notes ; *Roberts v. Cooper*, 20 How. (U. S.), 467. 2. The damages are not excessive, and there is no reason why the verdict of the jury should be disturbed. *Hewlett v. Cruchley*, 5 Taunt., 277 ; 4 Term, 659 ; *Clerk v. Udall*, 2 Salk., 649. 3. This was an action on the case for negligence ; and there was no error in allowing more than $25 costs. *Wood v. Mil. & St. P. R'y Co.*, 32 Wis., 398.

COLE, J. The questions touching the liability of the company for the injury sustained by the plaintiff were deliberately considered when the case was before us on a former appeal (32 Wis., 524); and as the proof on the last trial in regard to the

---

* The evidence for the plaintiff tended, upon the whole, to show a dislocation of the shoulder, and not a fracture of the arm.

Patten vs. The Chicago & Northwestern Railway Company.

defendant's negligence was not essentially different from that introduced on the previous one, we do not feel called upon to reexamine questions already decided in the cause. We thought on the former appeal, and so stated in the opinion, that the failure of the company to light its depot building, especially as it was situated off from the public highway, or not having some agent at the station to aid passengers leaving the train at night, were acts from which negligence might be inferred. And we then decided that the question was fairly submitted to the jury upon all the facts and circumstances, to determine whether the company was guilty of negligence in those matters, and, if so, whether the negligence was the proximate and direct cause of the accident, so as to render the defendant liable. These questions, therefore, affecting the liability of the company, having been decided, are res adjudicatœ, and are no longer open for discussion. So much is said in answer to the suggestion of defendant's counsel that they ought to be further considered and examined.

The former judgment was reversed, and the cause sent back for a new trial, for the sole reason that we considered the verdict excessive. That it is not only within the power of this court, but that it is an imperative duty, to set aside verdicts on that ground and for such a reason, is a proposition from which none will dissent. There may be a difference of opinion as to whether a verdict in a given case is excessive, but there can be none as to the duty of the court to interfere when it is excessive.

It was stated in the former opinion that there was no evidence in regard to the nature and extent of the injury sustained by the plaintiff, which warranted the jury in awarding the amount of damages given on the other trial. The verdict was for $2,538, and was, we thought, out of proportion to the damages proven. The opinion further proceeds to state that unless the proof should be different on another trial, anything above $1,200 would in our judgment be excessive. On the last trial the amount of damages awarded by the jury was $1,500.

Patten vs. The Chicago & Northwestern Railway Company.

It is now claimed and insisted by the counsel for the company, that as substantially the same proof was made by the plaintiff in regard to her injury as at the former trial, the present verdict is excessive, and should, under the intimation before given, be set aside.   In answer to this position we may say, that the testimony as to the extent and character of the injury is somewhat different from that in the former bill of exceptions.   The plaintiff testified to an injury to her spine resulting from the fall, which, if she mentioned it before, did not appear in the evidence.   There are some other items of testimony given on the last trial, which tend to aggravate the seriousness of the injury, but we shall not dwell upon them. It is sufficient to say that it was not our intention, by the intimation above alluded to, to fix the maximum sum which the jury should not exceed in their verdict, but only to state an amount which, upon the facts as they then appeared, would seem to be full compensation for the injury.   In order to say the verdict was excessive, it was necessary, of course, to form some idea as to what would be a proper amount, and to give some indication of our view for the guidance of the jury. From the argument of the counsel for the defendant, and also from some remarks contained in the charge of the court, we think our meaning was not fully apprehended, and that it was supposed we intended to assume the province of the jury and assess the damages.   Such was not the object of the opinion. The statement that $1,200 appeared on the evidence to be full compensation, was merely designed to afford some guide to the jury as to what we deemed a reasonable and just verdict. Without some such intimation, it is manifest that the court below, as well as the jury, would be in the dark as to our views upon the subject.

We cannot say that the verdict is excessive as it now stands; and, therefore, for the most obvious reasons, the judgment must be affirmed.

*By the Court.* — It is so ordered.